UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY L. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 2691 ) |
| CITY OF JOLIET, a Municipal Corporation, | ) Judge Rebecca R. Pallmeyer ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy Jones, a Joliet firefighter, was terminated by Defendant City of Joliet after being charged with the crime of retail theft. Plaintiff is African American and alleges that his termination was a product of race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In support of his claim, Plaintiff points to a white firefighter who he says was not terminated after being charged with a crime. Defendant has moved for summary judgment, arguing that the white firefighter in question was not similarly situated to Plaintiff. For the reasons that follow, the court agrees that Defendant is entitled to summary judgment.

## FACTUAL BACKGROUND

Plaintiff did not file a response to the Local Rule 56.1(a)(3) Statement of Facts filed by Defendant. Accordingly, the following facts, drawn from Defendant's statement, are deemed admitted. N.D. ILL. L.R. 56.1(b)(3)(C).

Jones was appointed a firefighter by Joliet in 1994. (Def's 56.1(a)(3) ¶ 9.) In November 2005, he was arrested for and charged with retail theft from Walmart. (*Id.* ¶ 12.) As a result of the charge, Plaintiff was terminated by the City of Joliet in January 2006. (*Id.* ¶ 14.) Fire Chief William O'Hara made the decision to terminate Jones. (*Id.* ¶ 22.) Plaintiff was convicted of the charge and given one year probation, ordered to pay restitution, and ordered to perform 20 hours of community service. (*Id.* ¶ 13.) Whether Plaintiff was convicted before or after he was terminated is unclear from the record.

The only other facts relevant to Plaintiff's argument against granting summary judgment are buried in his and Chief O'Hara's deposition testimony. Plaintiff has stated a version of those facts in his memorandum in opposition to Defendant's motion, but he provides no citations to the record, and he has not submitted his own statement of facts as required by Local Rule 56.1(b)(3)(C). Such a submission is the only way for a nonmoving party to present additional facts. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995); *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000). The court nevertheless has discretion to overlook a failure to follow the rules, *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995), and will do so here, though the additional evidence Plaintiff identifies does not create a genuine dispute of material fact.

In his deposition, Plaintiff testified that a white firefighter named Joe Bales had been arrested several times. (Jones Dep., Def's Ex. D, at 47-49.) Although neither party provides specific dates of these arrests, they evidently occurred at least in part on Chief O'Hara's watch. Plaintiff himself testified that Bales was eventually fired after several incidents of lawbreaking; Plaintiff argues nevertheless that Bales was treated more favorably in that he was not fired after his first arrest, as Plaintiff was. (*Id.* at 48-49.) Chief O'Hara testified about disciplining Bales after he was charged with domestic battery. (O'Hara Dep., Def's Ex. E, at 25-28.) When Bales's girlfriend dropped the charges against him, the fire department did its own investigation and suspended Bales for 30 days. (*Id.* at 25-26.) When asked to explain the difference in treatment between Bales and Plaintiff, O'Hara responded that the charges against Bales had been dropped and that Plaintiff's charge of theft raised an issue of honesty and integrity not raised by a charge of domestic battery. (*Id.* at 26-28.) Honesty and integrity are important, O'Hara explained, because a firefighter is in a position of trust within the community. (*Id.* at 27-28.)

**ANALYSIS**

The court will grant summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "On a motion for summary judgment, the district court must construe all facts and draw all reasonable inferences in favor of the non-movant." *Srail v. Village of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). "To stave off summary judgment, once the moving party has claimed an absence of evidence supporting an element of the nonmoving party's case, the non-movant must point to facts in the record showing there is a genuine issue for trial." *In re Cohen*, 507 F.3d 610, 613 (7th Cir. 2007).

To prove unlawful discrimination under Title VII, Plaintiff must either point to circumstantial or direct evidence of discrimination (the "direct method") or satisfy the *McDonnell-Douglas* burden-shifting approach (the "indirect method"). *Darchak v. City of Chicago Board of Education*, 580 F.3d 622, 630 (7th Cir. 2009). Plaintiff relies only on the burden-shifting approach, under which his first step is making a *prima facie* case by showing (1) he is a member of a protected class, (2) he was performing his job satisfactorily, (3) he suffered an adverse employment action, and (4) similarly situated employees outside his protected class were treated more favorably. *Antonetti v. Abbott Labs*, 563 F.3d 587, 591 (7th Cir. 2009). If he meets this burden, the employer may articulate a legitimate, non-discriminatory reason for the adverse employment action, and plaintiff will then be put to the burden of showing that the employer's proffered reason is a pretext for unlawful discrimination. *Id.* at 591, citing *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004). In seeking summary judgment, Defendant focuses on the fourth prong of Plaintiff's prima facie showing; in a case like this, where the plaintiff claims he was subject to disparate discipline, the second and fourth prongs merge, and the plaintiff must establish that he received more harsh

punishment than that received by a similarly situated employee outside the protected class. *Lucas v. Chicago Transit Auth.* 367 F.3d 714, 728 (7th Cir. 2004).

In Plaintiff's meager attempt to stave off summary judgment—counsel's brief in opposition to Defendant's motion for summary judgment is three pages long—the only comparator to which he points is Joe Bales. (Pl's Memo in Opposition, at 2.) To satisfy the fourth prong, Plaintiff must show that he and Bales "'engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" *Antonetti*, 563 F.3d at 592 (*quoting Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000)).

In this case, as Chief O'Hara testified, there are circumstances that distinguish Plaintiff from Bales. Plaintiff was convicted of a crime; the charges against Bales were dropped. *See Perez v. Illinois*, 488 F.3d 773, 777 (7th Cir. 2007) (even where two employees were charged with violating same rule, they were not similarly situated because the severity of their violations were not similar). Plaintiff was convicted of a crime that, in O'Hara's view, suggested the community could not trust him; Bales was charged with a crime that O'Hara believed lacked such implications. *Peirick v. Indiana University-Purdue University Indianapolis Athletics Dep't,* 510 F.3d 681, 689-90 (7th Cir. 2007) (two employees not similarly situated where misconduct of one was minor compared to the other's and employer treated different types of misconduct differently). The court passes no judgment on Defendant's treatment of Plaintiff's misconduct as more serious than Bales's, and Plaintiff himself does not effectively call that treatment into question. *Cf. Ezell v. Potter*, 400 F.3d 1041*,* 1050 (7th Cir. 2005) (plaintiff pointed to evidence inconsistent with defendant's purported treatment of different types of misconduct). That Defendant had valid reasons for its different treatment of the misconduct of Plaintiff and Bales distinguishes Plaintiff's case from the single case he cites, *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 290-91 (7th Cir. 1999), where the plaintiff was terminated for misconduct far less severe than that of another employee who was not terminated. In short, Plaintiff has not offered evidence that casts doubt on the Defendant's

explanation of the reasons for its decision to terminate him. Summary judgment must be granted to Defendant.

## **CONCLUSION**

Defendant's Motion for Summary Judgment [54] is granted.

ENTER:

Dated: March 2, 2010

_____
REBECCA R. PALLMEYER
United States District Judge